Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Debtor.*

In the
# United States Bankruptcy Court
District of the Hawaii
1132 Bishop Street, Suite 250, Honolulu, Hawaii

| | | |
|---|---|---|
| In re | ) | Bankruptcy Case: 10-00771 |
| | ) | Chapter 13 |
| **Teresa J. Moore** | ) | |
| | ) | DEBTOR OPPOSITION AND MOTION |
| Debtor. | ) | NOTICE; STAY RELIEF OPPOSITION, |
| | ) | TIME EXTENSION MOTION AND |
| | ) | ELECTRONIC SERVICE MOTION; |
| | ) | DEBTOR SUPPORT DECLARATION; |
| | ) | MAIL SERVICE DECLARATION. |
| | ) | |

### DEBTOR OPPOSITION AND MOTION NOTICE

PLEASE TAKE NOTICE: The Debtor: Teresa J. Moore (Moore) opposes the "MOTION FOR RELIEF FROM STAY" (30) by the Person: "ASSOCIATION OF APARTMENT OWNERS OF THE WINDSOR" (WOA), through the Person: John A. Morris (Morris) as the apparent Attorney, by the filing of the STAY RELIEF OPPOSITION. The Debtor: Moore requests the continuance of the hearing and the extension of the time to file a supporting memorandum and a supporting declaration, if necessary, by the order of the court. Finally, the Debtor: Moore requests the electronic service of the papers under the District Court Local Rule LR 5.4 and the Bankruptcy Court Local Rule LBR 5005-4(h) by the order of the court.

## STAY RELIEF OPPOSITION

The Debtor: Moore opposes the motion of the Apparent Attorney on the following grounds:

**1.** The Debtor: Moore is the Personal Representative of the Deceased: Pacita I. Herschelman by the appointment of the Hawaii First Circuit Court. As the Personal Representative, the Debtor: Moore holds the legal title of the property at the address of the 343 Hobron Lane Apartment 4404, Honolulu, Hawaii (Apartment), which is the subject of the motion by the Apparent Attorney: Morris. Moreover, under the Hawaii Probate law, the Personal Representative of the Deceased exercises the rights of an "absolute owner" for the protection and the preservation of the estate. Although served with a Probate Administration Notice, the Person: WOA never responded with a verified claim against the Pacita Herschelman Estate within the time required by the Hawaii Probate Law.

**2.** The Debtor: Moore is an heir of the Pacita Herschelman Estate and claims an interest in the Apartment as an heir.

**3.** The debtor: Moore occupies the Apartment as her primary dwelling place.

**4.** The Debtor: Moore commenced the action of the Case No: 09-00461 against the Person: WOA by the filing of the COMPLAINT in the U.S. District Court, Hawaii District on the October 1, 2009. Among the claims against the Person: WOA, the Debtor: Moore asserted the violation of the Fair Debt Collection Practices Act and the tort of the intentional misrepresentation. Although the District Court dismissed the claims against the

Person: WOA, the ORDER of the dismissal is the subject of a pending appeal to the Ninth Circuit Appeal Court (10-15868).

**5.** Despite the void of any "PROOF OF CLAIM," the Person: Morris as the apparent Attorney and the Person: WOA as the Movant move under the pretext of a "SECURED CREDITOR" for the relief from the automatic stay or the dismissal of the case on the grounds (1) that the Debtor "lacks standing to file bankruptcy" and (2) that the Movant has an interest in the Apartment "by virtue of unpaid maintenance assessments," which "cannot reasonable be disputed." However, the Debtor: Moore disputes the purported claim and claims an offset on the grounds (1) that the Movant and its Apparent Attorney have made numerous false representations and (2) that the Movant has no valid claim against the estate. Finally, the bankruptcy case and the bankruptcy plan adequately protect the Movant because the Debtor: Moore has paid the "monthly maintenance assessments" since the commencement of the bankruptcy case. In the event of a foreclosure, the Movant can only collect the $1800.00 under the terms of its BYLAWS.

**6.** The Person: Morris as the apparent Attorney and the Person: WOA as the Movant do not support the motion with any admissible evidence. Under the LBR 4001-1, the moving party must support the factual basis of the motion with the admissible evidence. The declaration of the Person: Morris is with the void of any "admissible evidence" within the meaning of the rule. The declaration does not state any relevant facts in the support of the motion and refers to the statements of an ORDER in another case, which is the subject of an appeal. Moreover,

the Person: Morris makes the false material representation that he is "authorized to make this Declaration on behalf of Movant." The representation is false because the Person: Morris does not and cannot support the representation with the proper evidence. Thus, the declaration is inadmissible evidence on the grounds (1) of the lack of the proper foundation and evidentiary predicate, (2) of the inadmissible hearsay and (3) of the unfair prejudice.

    **7.** The Debtor: Moore objects to the admission of the declaration on the ground that the statement of the facts and the evidence of the exhibit are with the subject of a reasonable dispute because the relevant facts are not "generally known within the territorial jurisdiction of the trial court" and the facts of the exhibit are not capable of the accurate and ready determination by a reliable source.

## TIME EXTENSION MOTION

The Debtor: Moore requests the extension of the opposition filing time under the HDLR 6.2 or the appropriate local bankruptcy rule on the grounds (1) of the lack of the timely notice of the papers and (2) of the requirement of the fairness and the due process by the law. The Debtor: Moore received the actual notice of the motion on the June 28, 2010 by the pickup of her mail at the Post Office. The Debtor: Moore has not had the adequate time to prepare the opposition to the motion. Therefore, the Debtor: Moore requests the extension of the time to file the opposition, if necessary.

## **ELECTRONIC SERVICE MOTION**

The Debtor: Moore requests the electronic service of the pleadings and papers under the District Court Local Rule LR 5.4 and the Bankruptcy Court Local Rule LBR 5005-4(h) for the convenience of the parties and the conservation of their resources.

Under the LR 5.4, "a party may serve pleadings and other papers, other than service of process, through the court's transmission facilities in accordance with these rules and any administrative procedure adopted by a general order of this court. Receipt of the Notice of Electronic Filing generated by the court's CM/ECF system shall constitute the equivalent of service of the pleading or other paper on a person or party who has consented in writing to electronic service and who has waived the right to personal service or service by firstclass mail."

Under the LR 5005-4(h), "Electronic transmission through the CM/ECF system of a notice of electronic filing and, unless the document is virtual or a text-only docket entry, a link to the image of the document that has been filed constitutes service and notice of the entry of that document in accordance with Bankruptcy Rule 9022 and Fed. R. Civ. P. 5(b)(2)(E) to those persons who consented in writing to accept electronic service or notice."

The Debtor: Moore requests the service of the "pleadings and other papers … through the court's transmission facilities in accordance with these rules …." The Debtor: Moore has the access of a PACER account and will monitor the activity of the case through that account. Therefore, the Debtor: Moore

requests the electronic service of the pleadings and papers in this case by the appropriate local rules.

DATE: *June 30, 2010*                     Respectfully Presented,

*/s/ Teresa J. Moore*
Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186
Net: teresa_j_moore@yahoo.com