Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Debtor*

FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

2010 JUL 14 AM 10: 30

In the
# United States Bankruptcy Court
District of the Hawaii
1132 Bishop Street, Honolulu, Hawaii

| | |
|---|---|
| In re ) | Bankruptcy Case: 10-00771 |
| ) | |
| **Teresa Jean Moore** ) | |
| ) | MEMORANDUM OF POINTS AND |
| Debtor) | AUTHORITY IN THE OPPOSITION THE |
| ) | MOTION FOR RELIEF FROM THE |
| ---------- ) | AUTOMATIC STAY |
| ) | |
| ASSOCIATION OF APARTMENT OWNERS ) | Date: July 14, 2010 |
| OF THE WINDSOR, ) | Time: 1:30 pm |
| Movant) | Judge: Robert J. Faris |
| v. ) | |
| ) | |
| Teresa Jean Moore, ) | |
| Opponent) | |
| ) | |

---

## MEMORANDUM OF POINTS AND AUTHORITY

The Debtor: Teresa Jean Moore (Moore) opposes the "MOTION FOR RELIEF FROM STAY" (30) by the Person: "ASSOCIATION OF APARTMENT OWNERS OF THE WINDSOR" (WOA), through the Person: John A. Morris (Morris) as the apparent Attorney, with the filing of the MEMORANDUM OF POINTS AND AUTHORITY AND SUPPLEMENTAL SUPPORT DECLARATION. The Debtor: Moore, in pro se, reviewed the Proof of Claim (POC) by the Claimant: WOA only yesterday, July 13,

2010. The Debtor: Moore objects to the POC on the following grounds:

**I. THE COURT MUST DENY THE STAY RELIEF MOTION BECAUSE THE MOVANT DOES NOT SUPPORT THE MOTION WITH ANY "ADMISSIBLE EVIDENCE" UNDER THE LBR 4001-1(A)(3).**

Under the Local Rule 4001-1(a)(1), "[a] motion requesting relief from the automatic stay imposed by § 362(a) must state the basis under § 362(d) for the relief being sought." Additionally, the Movant support the motion with "admissible evidence." LBR 4001-1(a)(3).

In this case, the Claimant: WOA supplies no admissible evidence for the assertion of any claim, either secured or unsecured. The attachment of the POC consists of an incomprehensible computer printout. The attachment contains no statement of the account and contains no attestation of the accuracy by a witness with the firsthand knowledge. Finally, no "officer" or "authorized agent" of the Person: WOA has signed the POC. Therefore, the Court must deny the STAY RELIEF MOTION because the Movant does not support the motion with any "admissible evidence" under the LBR 4001-1(a)(3).

**II. THE COURT MUST DENY THE STAY RELIEF MOTION BECAUSE THE PROPERTY HAS EQUITY; THE PROPERTY IS NECESSARY FOR THE REORGANIZATION AND THE PLAN ADEQUATELY PROTECTS THE CLAIMANT: WOA UNDER THE 11 U.S.C. 362(D).**

Under the 11 U.S.C. 362(d), the Court may grant the relief from the automatic stay "for cause, including the lack of adequate protection … if the debtor does not have an equity in such property [and] such property is not necessary to an

U.S. Bankruptcy Court - Hawaii   #10-00771   Dkt # 45   Filed 07/14/10   Page 2 of 7

effective reorganization." The party seeking relief from stay bears the burden of proving that the debtor lacks equity in the property; the party opposing the relief from stay bears the burden of proof on all other issues. 11 U.S.C. 362(g); *see also In re Bialac,* 712 F. 2d 426, 432 (9th Cir. 1983).

In this case, Claimant WOA does not support the motion with any admissible evidence and does not offer any evidence that the Debtor: Moore has no equity in the property. On the other hand, the Debtor: Moore claims an equitable and a legal interest in the property as an heir of the Deceased: Pacita Inductivo Herschelman (Owner) and as the Personal Representative of the Estate: Pacita Inductivo Herschelman (Deceased). The property clearly has equity because the fair market value exceeds any valid lien amount. Additionally, the property is necessary for the reorganization because the Plaintiff derives an income from the rents of the property. Finally, the Chapter 13 Plan adequately protects the Claimant: WOA because the Debtor: Moore has made and is making the payments of the monthly maintenance assessments. Therefore, the Court must deny the STAY RELIEF MOTION because the property has equity; the property is necessary for the reorganization and the Chapter 13 Plan adequately protects the Claimant: WOA under the 11 U.S.C. 362(d).

**III. THE COURT MUST DENY THE STAY RELIEF MOTION BECAUSE THE DEBTOR: MOORE DISPUTES THE VALIDITY OF THE ASSERTED DEBT BY THE CLAIMANT: WOA.**

The Debtor: Moore disputes the validity of the claims by the Claimant: WOA. The Debtor: Moore commenced the action of

the Case No: 09-00461 against the Claimant: WOA by the filing of the COMPLAINT in the U.S. District Court, Hawaii District on the October 1, 2009. Among the claims against the Claimant: WOA, the Debtor: Moore asserted the violation of the Fair Debt Collection Practices Act (FDCPA) and the tort of the intentional misrepresentation. Although the District Court dismissed the claims against the Claimant: WOA without the prejudice, the ORDER of the dismissal is the subject of a pending appeal to the Ninth Circuit Appeal Court. Thus, the grant of any relief to the Claimant: WOA is inappropriate and premature. Therefore, the Court must deny the stay relief motion because the Debtor: Moore disputes the validity of the asserted debt by the Claimant: WOA.

**IV. THE COURT MUST DENY THE STAY RELIEF MOTION BECAUSE THE DEBTOR: MOORE IS A 50% HEIR TO THE PROPERTY.**

In the case *In Re Duane A. Royal, Tracey A. Royal* (165 B.R. 802), the Bankruptcy Court stated, "the debtor's estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a)(1). Certain property, including an inheritance, acquired within 180 days after commencement of the case, that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, also becomes property of the estate. 11 U.S.C. 541(a)(5)(A). Additionally, in the case *In re Brain W. Bunch* (249 B.R. 667), the debtor filed a complaint to hold the mortgage trustees and their attorneys in contempt for violation of the automatic stay. The Bankruptcy Court stated that "while

a decedent's estate is not eligible to file a Chapter 13
bankruptcy petition because it is not within the definition of
an 'individual' as set forth in 11 U.S.C. § 109 for purposes of
Chapter 13, a debtor who is serving as a personal representative
of a decedent's estate is not thereby barred from filing a
Chapter 13 petition in his individual capacity, if otherwise
eligible."   In that case, the debtor was the personal
representative of his mother's estate; was the sole heir and was
residing in the decedent's former home.   The mortgagee, with
knowledge of the debtor's bankruptcy filing in his individual
capacity, nevertheless sold the property at a foreclosure
without the relief from the automatic stay.   The complaint
alleged that the failure of the defendants to seek relief from
the automatic stay before instituting the foreclosure proceeding
subjected them to the imposition of the damages pursuant to 11
U.S.C. § 362(h) for willful violation of the automatic stay.
The debtor's interest in his mother's estate as her sole heir
and beneficiary on the date he filed bankruptcy was property of
the debtor's bankruptcy estate and subject to the automatic stay
provisions of 11 U.S.C. § 362(a).   The court further found that
"Under the Maryland laws of intestacy, the rights of a
prospective heir do not vest until the death of the intestate
decedent. *U.S. v. Miscellaneous Jewelry*, 667 F. Supp. 232 (D.Md.
1987), *aff'd sub nom.*, *In re One 1985 Nissan*, 889 F.2d 1317 (4th
Cir. 1989)(*citing* Md. Code Ann., [Est. & Trusts] §§ 3-101-3-110
(1974, 1986 cum. Supp.) and ... while it is true that the debtor
held  bare legal title to the property in question as personal
representative, as the defendants acknowledge, it is equally

U.S. Bankruptcy Court - Hawaii  #10-00771  Dkt # 45  Filed  07/14/10  Page 5 of 7

clear that he also held an equitable interest in his mother's property as the decedent's sole heir and sole beneficiary of her estate, which had vested in him at the time of her death, well before the debtor filed bankruptcy. The complaint does not indicate whether, on the date the sale occurred, the debtor was in possession of the premises as her sole heir after a distribution, or as her personal representative before a distribution. However, it is alleged that he was in possession of the premises, regardless of whether his status was as sole heir, personal representative, or otherwise. At least insofar as the debtor had some possessory interest in the property, whether legal or equitable, the automatic stay took effect on the date the bankruptcy petition was filed and remained in effect at the time the sale of the debtor's residence occurred, without the prior lifting of the stay by this Court."

Likewise, the Debtor: Moore's interest, whether as the Personal Representative or as a 50% heir of her mother's estate, is property of the current Chapter 13 Bankruptcy estate. The Debtor: Moore resides in the property, maintains her business activities from the property, has equity in the property and claims the property is necessary for an effective reorganization.

**V. THE COURT MUST DENY THE STAY RELIEF MOTION BECAUSE THE PLAN ADEQUATELY PROTECTS THE CLAIMANT: WOA, WHICH IS COLLECTING POST-PETITION PAYMENTS FOR THE MONTHLY MAINTENANCE ASSESSMENTS.**

The Court must deny the STAY RELIEF MOTION because the Plan adequately protects the Claimant: WOA, which is collecting post-

petition payments from the Debtor: Moore for the monthly maintenance assessments.

Furthermore, the court should require an Adversarial Proceeding for the determination of the claim validity, for the application of any claim offset and for the closing of the Probate Estate. The Debtor: Moore will amend the Plan to reflect the Court's ruling on the disputed POC.

Based upon the foregoing, the Debtor Moore requests the denial of the STAY RELIEF MOTION in its entirety.

DATE: _July 14, 2010_

Respectfully Presented,

_Teresa J. Moore_
Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186
Net: teresa_j_moore@yahoo.com