Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Debtor*

FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

2010 AUG 12 P 12: 57

MICHAEL B. DOWLING
CLERK OF COURT

In the
**United States Bankruptcy Court**
District of the Hawaii
1132 Bishop Street, Honolulu, Hawaii

| | |
|---|---|
| In re | ) Bankruptcy Case: 10-00771 |
| **Teresa Jean Moore** | ) |
| Debtor | ) OPPOSITION TO MOTION TO |
|  | ) DISMISS CASE FOR NON-APPEARANCE |
|  | ) AT MEETING OF CREDITORS; |
| ---------- | ) DECLARATION OF TERESA JEAN |
|  | ) MOORE |
| ASSOCIATION OF APARTMENT OWNERS | ) |
| OF THE WINDSOR, | ) Date: AUGUST 26, 2010 |
| Movant | ) Time: 9:35 pm |
| v. | ) Judge: Robert J. Faris |
| Teresa Jean Moore, | ) |
| Opponent | ) |

## OPPOSITION TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS

The Debtor: Teresa Jean Moore (Moore) **Opposes the Trustees Motion to Dismiss Case for Non-Appearance at Meeting of Creditors** on the grounds of excusable neglect and the basis that the there was no "unreasonable delay by the debtor" because she had attended 2 prior Meeting of Creditors allowing all interested parties over 1 1/2 hours of direct questioning.

## FACTS SUPPORTING THE OPPOSITION

The Debtor: Moore, in pro se, attended the first Meeting of Creditors on April 29, 2010 and the creditors were allowed over 45 minutes of questions. On Jun 14, 2010, the Debtor returned for a continued Meeting of Creditors where the creditors were allowed another 45 minutes of questioning, at which time they had no further questions. The Chapter 13 Trustee, was about ready to close the Meeting, when one of the "interested parties" suggested he continue the hearing in the event they came up with additional questions. The Debtor re-arranged her travel and flight plans at the expense of over $400 to be present for the continued hearing on July 27, 2010. By complete error, the Debtor mis-calculated the date and was planning to attend the hearing on July 28, 2010 instead of July 27, 2010.

On July 28, 2010 the Debtor was preparing to attend the continued confirmation hearing when she received by email an electronic notification of a continuance to the 341 Hearing to September 1, 2010. The Debtor immediately contacted Mr. Hu's office to inquire about the 341 continuance and discovered that she had missed the hearing which was scheduled for July 27, 2010 which was the day before. The debtor informed Mr. Hu of the grave error, the extreme financial hardship her error had caused in and arranged to reschedule her flight to the mainland for business for the third time due to the scheduling of the continued 341 hearings.

The Debtor had attended the original 341 hearing on April 29, 2010 where the creditors: WOA, CMS, PNC, Hi TX DIV, Bank of Hawaii, IRS, and others interested were allowed over 45 minutes of questioning. Because there were over 20 other Debtor's

waiting for their 341 hearing, Mr. HU continued the 341 hearing to allow the creditors further questioning. On June 14, 2010 the Debtor made special arrangements to return to Hawaii from her business obligations in California to complete the 341 hearing. During that hearing over 45 minutes were allowed the creditors as no other Debtor's were scheduled for that period. At the end of the period, the Creditors were asked if they had any other questions and they all confirmed that they had no questions, but in the event the Debtor amended her plan, they might have more questions. Mr. Hu stated if the plan was not amended, he would close the meeting and proceed with what has been filed to date. The Debtor again re-arranged her flight plans and delayed her business obligations to attend the continued 341 hearing to July 27, 2010. When the Debtor inquired what creditors where present at the missed continued July 27, 2010 hearing, Mr. Hu stated that the same creditors were present. Although it was an excusable error on the Debtors part for confusing the hearing dates, the attending creditors had clearly concluded their questioning on June 14, 2010. The Debtor has made arrangements to be present at the Sep 1, 2010 341 continuance.

**THE DEBTOR HAS ATTENDED ALL OTHER 341 HEARINGS, IS CURRENT ON HER PLAN PAYMENTS, AND HAS PROPOSED HER PLAN IN GOOD FAITH:**

"The Trustee objects to the confirmation of the plan as the Section 341(a) creditors meeting has not been concluded." This objection will be solved on Sept 1, 2010 when the Debtor will return to complete the 341 meeting. Because the POC filed by only 5 creditors and the Deadline to File a Proof of Claim has now expired as of July 28, 2010, the current plan payments are

feasible as the current POC's filed do not meet the requirements of any "admissible evidence" under the LBR 4001-1(a)(3) to justify their claims, as will be formally detailed with the filing of Motions for Objections to Proof of Claims.

The plan calls for a refinance or repayment of the purported loans in the event that the creditor can legally demonstrate the authority to collect, and a complete accounting of the payments made and any offset for Federal Violations and recession rights are adjudicated. The Plan in it's current state is feasible and the assets of the estate meet the guidelines of the Bankruptcy Requirements.

**CONCLUSION:**

The Debtor has filed the plan in good faith, has proposed all of her income to the re-organization plan of the Chapter 13 Bankruptcy requirements, and has provided for all bona-fide creditors claims in the current plan. In the event the creditors that have filed POC's can demonstrate their legal authority to make claims against the Debtor for payment through the plan, the Debtor will amend the plan to accommodate those claims. The Debtor noted in the plan that with the systematic payment plan of the current plan and the automatic stay in place from aggressive creditors collection activities, she expects the her income to increase to compensate all bonafide creditor claims.

To dismiss the Debtor's Case due to a calendaring error after attending 2 prior 341 hearings where "interested parties" were allowed over 1 1/2 hours of questions, in a forum that usually allows all creditors to a case a maximum of 10 minutes for all creditor questions, would equate to an abusive use of a procedural mechanism for calendar maintenance.

BASED UPON THE FOREGOING, the Court should deny the Trustee's Motion to Dismiss her Case for non-appearance and allow the Debtor the protection of the Bankruptcy Court to protect her property and provide a systematic payment plan to all bona fide creditors.

DATE: Aug 11, 2010

Respectfully Presented,

*Teresa J. Moore*
Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186
Net: teresa_j_moore@yahoo.com

Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Debtor*

In the
**United States Bankruptcy Court**
District of the Hawaii
1132 Bishop Street, Honolulu, Hawaii

| | |
|---|---|
| In re | Bankruptcy Case: 10-00771 |
| **Teresa Jean Moore** | |
| Debtor | SUPPORT DECLARATION IN THE OPPOSITION TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS. |
| ---------- | |
| ASSOCIATION OF APARTMENT OWNERS OF THE WINDSOR, | |
| Movant | |
| v. | |
| Teresa Jean Moore, | |
| Opponent | |

## SUPPORT DECLARATION IN THE OPPOSITION TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS

I, Teresa J. Moore, state:

1. My name is Teresa Jean Moore and I am the Debtor in the Chapter 13 Case # 10-00771, which I filed on the March 18, 2010. I am a competent woman and I live in the Honolulu County at the address of the 343 Hobron Lane, Apartment 4404, Honolulu, Hawaii. My mailing

address is the Post Office Box 75217, Honolulu, Hawaii 96836.

2. I have personal knowledge of the facts in this declaration, except for the matters upon my information and my belief, which I believe to be true. If called as a witness, I will competently testify about the facts in this declaration in any proceeding before the court.

3. I make this declaration in SUPPORT OF MY OPPOSITION TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS.

4. Since the filing of my Chapter 13 Plan, I have made it the utmost priority to attend and answer all creditors questions at the numerous 341 scheduled hearings.

5. I attended the original 341 hearing on April 29, 2010 where the creditors: WOA, CMS, PNC, Hi TX DIV, Bank of Hawaii, IRS, and others interested were allowed over 45 minutes of questioning. Because there were over 20 other Debtor's waiting for their 341 hearing, Mr. HU continued the 341 hearing to allow the creditors further questioning.

6. On June 14, 2010 I made special arrangements to return to Hawaii from my business obligations in California to complete the 341 hearing. During that hearing over 45 minutes were allowed the creditors as no other Debtor's were scheduled for that period. At the end of the period, the Creditors were asked if they had any other questions and they all confirmed that they

had no questions, but in the event I amended my plan, they might have more questions. Mr. Hu stated if the plan was not amended, he would close the meeting and proceed with what has been filed to date.

7. On July 28, 2010, I was preparing to attend the continued confirmation hearing when I received by email an electronic notification of a continuance to the 341 Hearing to September 1, 2010. I immediately contacted Mr. Hu's office to inquire about the 341 continuance and discovered that I had missed the hearing which was scheduled for July 27, 2010 which was the day before. I informed Mr. Hu of the grave error, the extreme financial hardship my error had caused me and I immediately arranged to reschedule my flight to the mainland to attend the re-scheduled continued 341 hearing on September 1, 2010.

8. When I inquired what creditors where present at the missed continued July 27, 2010 hearing, Mr. Hu stated that the same creditors were present. Although it was an excusable error on my part for confusing the hearing dates, the attending creditors had clearly concluded their questioning on June 14, 2010.

9. I have made arrangements to be present at the Sep 1, 2010 341 continuance, in the slight possibility that the existing creditors may find new questions that they did not have on June 14, 2010.

10. I filed my Chapter 13 plan in good faith, allocated all of my income to the repayment of creditors and

have disputes with the POC's filed by the existing creditors.

11. The Chapter 13 Plan I filed adequately protects the Creditors. However, there are claims for "secured" status and I have claims for offsets for Federal and State Violations which are in dispute.

12. I plan to bring a motion to employ special counsel to assist in the Adversary claims of the lenders and once that motion is granted, I will be able to secure an Attorney who is an expert in the areas of Predatory Lending, Bankruptcy Litigation, Fair Debt Collection Violations, Truth in Lending Violations, and Fraudulent Securitization Practices.

I declare under the penalty of the perjury under the laws of the United States of the America that the foregoing statements are with the true and correct to the best of my knowledge and belief.

DATE: Aug 11, 2010            Respectfully Presented,

*[signature]*
Teresa J. Moore
343 Hobron Lane, Apt # 4404
Honolulu, Hawaii 96815
Tel: (818) 206-1146
Fax: (818) 647-1186
Net: teresa_j_moore@yahoo.com

Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Debtor.*

In the
## United States Bankruptcy Court
District of the Hawaii
1132 Bishop Street, Suite 250, Honolulu, Hawaii

| | | |
|---|---|---|
| In re | ) | Bankruptcy Case: 10-00771 |
| | ) | Chapter 13 |
| **Teresa J. Moore** | ) | |
| | ) | |
| Debtor. | ) | MAIL SERVICE DECLARATION |
| | ) | |
| | ) | |
| | ) | |

### MAIL SERVICE DECLARATION

On the date: <u>August 11, 2010</u>, I completed the service of the documents: **OPPOSITION TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS; DECLARATION OF TERESA JEAN MOORE** upon the parties: <u>Service Address List</u> by the delivery of the copies by the method: <u>Check Box Mark</u> from the location: <u>Honolulu, Hawaii</u>.

On the date: <u>August 11, 2010</u>, I completed the filing of the documents: OPPOSITION TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS; DECLARATION OF TERESA JEAN MOORE with the Office: <u>Clerk of the Court</u>, U.S. Bankruptcy Court, Hawaii District by the delivery of the originals by the

method: USPS NEXT DAY to the location: 1132 Bishop Street, Suite 250, Honolulu, Hawaii.

I declare under the penalty of the perjury by the laws of the United States of the America that the foregoing statements are with the truth by the best of my knowledge.

DATE: 08/11/2010

*Robert-Garvin: Moore* [signature]
Robert-Garvin: Moore,
Post Office Box 75217
Honolulu, Hawaii 96836
(818) 206-1146

## SERVICE ADDRESS LIST

| | |
|---|---|
| (USPS) Mail  Hand  Fax  eMail<br>**Howard M. S. Hu**<br>Office of the U.S. Trustee<br>1132 Bishop Street, Suite 301<br>Honlulu, HI 96813 | (USPS) Mail  Hand  Fax  eMail<br>**Office of the U.S. Trustee**<br>1132 Bishop Street, Suite 602<br>Honlulu, HI 96813 |
| (USPS) Mail  Hand  Fax  eMail<br>**AOAO THE WINDSOR**<br>c/o John Morris, Esq.<br>1001 Bishop Street, Suite 780<br>Honolulu, HI 96813 | (USPS) Mail  Hand  Fax  eMail<br>Cynthia M. Johiro on behalf of Department of Taxation, STate of Hawaii<br>atg.tax.hbcf@hawaii.gov |
| (USPS) Mail  Hand  Fax  eMail<br>Mark T. Shklov on behalf of Bank of Hawaii<br>mark@shklovlaw.com | (USPS) Mail  Hand  Fax  eMail<br>**William Tanaka on behalf of Carrington Mortgage Services**<br>wtanaka@goodsill.com,<br>lwells@goodsill.com |
| (USPS) Mail  Hand  Fax  eMail<br>Carol a. Eblen on behalf of Carrington Mortgage Services<br>Alli Place Ste 1800<br>1099 Alakae Street<br>Honolulu, HI 96813 | (USPS) Mail  Hand  Fax  eMail<br>David B. Rosen on behalf of Creditor PNC Bank<br>810 Richards Street, Ste 880<br>HOnolulu, HI 96813 |
| (USPS) Mail  Hand  Fax  eMail<br>Lester .M. Leu<br>222 Merchant Street, Main Floor<br>Honolulu, HI 96813 | (USPS) Mail  Hand  Fax  eMail<br>Meredith Boeger<br>contra Costa County Treasurers Office<br>625 Court Street<br>Finance Building Rm 102<br>Martinez, CA 94553-1231 |
| (USPS) Mail  Hand  Fax  eMail<br>Walter C. Davison on behalf of Deutsche Bank<br>Allii Place Ste 1800<br>1099 Alakea Street<br>Honolulu, HI 96813 | USPS Mail  Hand  Fax  eMail |