Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Debtor*



In the
## United States Bankruptcy Court
District of the Hawaii
1132 Bishop Street, Honolulu, Hawaii

| In re | ) | Bankruptcy Case: 10-00771 |
|---|---|---|
| **Teresa Jean Moore** | ) | |
| | ) | REPLY TO DEUTSCHE BANK |
| Debtor | ) | NATIONAL TRUST COMPANY'S |
| | ) | MEMORANDUM IN RESPONSE TO |
| ---------- | ) | MOTION TO DISMISS CASE FOR NON- |
| | ) | APPEARANCE AT MEETING OF |
| ASSOCIATION OF APARTMENT OWNERS | ) | CREDITORS; DECLARATION OF |
| OF THE WINDSOR, | ) | TERESA JEAN MOORE |
| Movant | ) | |
| v. | ) | Date: AUGUST 26, 2010 |
| | ) | Time: 9:35 pm |
| Teresa Jean Moore, | ) | Judge: Robert J. Faris |
| Opponent | ) | |

### REPLY TO DEUTSCHE BANK NATIONAL TRUST COMPANY'S MEMORANDUM IN RESPONSE TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS

The Debtor: Teresa Jean Moore (Moore) **Replies to the Creditor Deutche Bank's (DBN) Memo supporting the Trustees Motion to Dismiss Case for Non-Appearance at Meeting of Creditors.**

The Creditor DBN misstates the Debtor's position on the excusable error in missing the third 341 hearing as "an unnecessary inconvenience". The Debtor has made every effort to attend the 341 Hearings and notes that the Creditor DBN's

statement: "the information...and testimony she would be giving if any, is not likely to assist creditors", clearly demonstrates the abusive, unreasonable, and harassing efforts that the creditors and "interested parties" have exposed the debtor to at the numerous continued 341 hearings in an attempt to intimidate the debtor into "giving up her claims because she does not have an attorney".

The Creditor DNB's accusations and statements about the debtor are completely here say and unfounded. They lack any first hand testimony, declarations, court orders, or legal findings to substantiate the accusations and must be stricken from the record. The attorney for the Creditor DBN, Carol Eblin, was present at all 341 hearings to include the first hearing where the debtor handed her last 3 years of tax returns to the Trustee, and was directed as with all the parties present on the proper procedure that the creditors must follow to acquire any documents from the debtor was a 2004 exam, or a motion brought in the Bankruptcy Court. To this date, no creditor to include DBN has brought such a motion or requested any specific information or documents other than what the debtor has answered in the 1 1/2 hours of time she has spent in the 341 hearings.

The Debtor has never had an order from any of her bankruptcy filings for "bad faith" filings, "abusive filings" or rulings as a "serial filer". In fact, the Debtor and her family had no other legal remedy in 1996 when she filed Chapter 13, where she had endured 5 years of abusive collection activities from the IRS and was required to litigate their claims in an adversarial case as an "objection to proof of claim" where after

5 years, on the eve of trial, the IRS withdrew all their claims, the Debtor's plan was confirmed, and she was given a discharge of all other debts.

In the same instance here, the Debtor has spent over 2 years communicating with the creditor DBN and their affiliates about the disputes of their claims, and has continually been deceived by their fraudulent predatory lending activities. She has filed a Federal Action in District Court for these Fraudulent Activities and through a minor "loop hole" DBN and other defendants challenged her standing as the Personal Representative of her mother's estate, ignoring her rights as an heir, finding that in the event that other creditor's rights might be affected, she was required to get an attorney to represent the Estate's Claims.

The Debtor has had no other remedy in law, but to seek bankruptcy protection to protect her interests in the properties from the aggressive foreclosure activities of the Creditor DBN and others. The Lending Claimants have gone to great expense to avoid demonstrating their legal standing to collect on the debtors' property interests. After 5 months of grilling at the 341 hearings since the filing of her Bankruptcy in March 2010, and prior to that almost a year in Federal Court, the Creditor DBN waits until the eve of the deadline (July 28,2010) to file their Proof of Claim.

**DBN's POC does not demonstrate their rights to collect as found in the recent May 20, 2010 Landmark Case in 9th Circuit Bankruptcy Court 10-21656-E-11 in re: Walker.**

The POC falls short of the legal requirements for filing as many other lenders have done throughout the country. In recent

findings, on May 20, 2010, the Bankruptcy Court in 9th Circuit case # 10-21656-E-11 found that **Bank of America's Proof of Claim was disallowed because "BAC Home Loan Servicing, LP has not offered any evidence that it is the beneficiary of the note and deed of trust or other wise legally able to assert the claim."**

In this case, the Creditor DBN's position is no different as the Debtor has worked at defending for over 1 year in Federal Court and 2 years prior to filing. The note and mortgage purportedly secured by the Debtor's property interest was entered into with New Century Mortgage, who has since filed Chapter 11 Bankruptcy, there is no Bankruptcy Court approval for the assignment which was made after their filing, and none of the documents submitted as attachments to the POC can demonstrate what the In re: Walker case establishes as the requirement to "legally assert the claim.

**THE DEBTOR HAS ATTENDED ALL OTHER 341 HEARINGS, IS CURRENT ON HER PLAN PAYMENTS, AND HAS PROPOSED HER PLAN IN GOOD FAITH:**

The Debtor has filed her plan in good faith, has complied with all Bankruptcy requirements, does meet the Bankruptcy eligibility requirements and will amend her schedules to correct the mistakes in her filings prior to the September 16, 2010 Confirmation Hearing.

Additionally, the Debtor will attend the September 1, 2010 re-scheduled 341 hearing and will file a formal Objection to Proof of Claim filed by the creditor DBN.

**CONCLUSION:**

The Debtor has filed the plan in good faith, has proposed all of her income to the re-organization plan of the Chapter 13 Bankruptcy requirements, and has provided for all bona-fide creditors claims in the current plan. In the event the creditors that have filed POC's can demonstrate their legal authority to make claims against the Debtor for payment through the plan, the Debtor will amend the plan to accommodate those claims. The Debtor noted in the plan that with the systematic payment plan of the current plan and the automatic stay in place from aggressive creditors collection activities, she expects the her income to increase to compensate all bonafide creditor claims.

To dismiss the Debtor's Case due to a calendaring error after attending 2 prior 341 hearings where "interested parties" were allowed over 1 1/2 hours of questions, in a forum that usually allows all creditors to a case a maximum of 10 minutes for all creditor questions, would equate to an abusive use of a procedural mechanism for calendar maintenance.

BASED UPON THE FOREGOING, the Court should deny the Trustee's Motion to Dismiss her Case for non-appearance and allow the Debtor the protection of the Bankruptcy Court to protect her property and provide a systematic payment plan to all bona fide creditors.

DATE: Aug 24, 2010

Respectfully Presented,

Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186
Net: teresa_j_moore@yahoo.com

Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Debtor*

In the
**United States Bankruptcy Court**
District of the Hawaii
1132 Bishop Street, Honolulu, Hawaii

| | |
|---|---|
| In re ) | Bankruptcy Case: 10-00771 |
| ) | |
| **Teresa Jean Moore** ) | |
| ) | |
| Debtor ) | |
| ) | SUPPORT DECLARATION IN THE |
| ---------- ) | REPLY TO DBN's MEMORANDUM IN |
| ) | RESPONSE TO OPPOSITION TO |
| ASSOCIATION OF APARTMENT OWNERS ) | MOTION TO DISMISS CASE FOR NON- |
| OF THE WINDSOR, ) | APPEARANCE AT MEETING OF |
| Movant ) | CREDITORS. |
| v. ) | |
| ) | |
| Teresa Jean Moore, ) | |
| Opponent ) | |
| ) | |

**SUPPORT DECLARATION IN THE REPLY TO DBN's MEMORANDUM IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS.**

I, Teresa J. Moore, state:

   1. My name is Teresa Jean Moore and I am the Debtor in the Chapter 13 Case # 10-00771, which I filed on the March 18, 2010. I am a competent woman and I live in the Honolulu County at the address of the 343 Hobron

Lane, Apartment 4404, Honolulu, Hawaii. My mailing address is the Post Office Box 75217, Honolulu, Hawaii 96836.

2. I have personal knowledge of the facts in this declaration, except for the matters upon my information and my belief, which I believe to be true. If called as a witness, I will competently testify about the facts in this declaration in any proceeding before the court.

3. I make this declaration in SUPPORT DECLARATION IN THE REPLY TO DBN's MEMORANDUM IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS.

4. Since the filing of my Chapter 13 Plan, I have made it the utmost priority to attend and answer all creditors questions at the numerous 341 scheduled hearings.

5. I attended the original 341 hearing on April 29, 2010 where the creditors: WOA, CMS, PNC, Hi TX DIV, Bank of Hawaii, IRS, and others interested were allowed over 45 minutes of questioning. During this hearing I provided the Trustee with the last three years of my Income Tax Filings. Additionally, when interested parties asked for copies of the returns, Mr. Hu informed them that they could request a 2004 Hearing for documents or bring a motion in the Bankruptcy court for any documents they required. Attorney Caroline Eblin was present at this hearing when Mr. Hu instructed them of this procedure. Because there were over 20 other Debtor's waiting for their 341

hearing, Mr. HU continued the 341 hearing to allow the creditors further questioning.

6. On June 14, 2010 I made special arrangements to return to Hawaii from my business obligations in California to complete the 341 hearing. During that hearing over 45 minutes were allowed the creditors as no other Debtor's were scheduled for that period. At the end of the period, the Creditors were asked if they had any other questions and they all confirmed that they had no questions, but in the event I amended my plan, they might have more questions. Mr. Hu stated if the plan was not amended, he would close the meeting and proceed with what has been filed to date.

7. On July 28, 2010, I was preparing to attend the continued confirmation hearing when I received by email an electronic notification of a continuance to the 341 Hearing to September 1, 2010. I immediately contacted Mr. Hu's office to inquire about the 341 continuance and discovered that I had missed the hearing which was scheduled for July 27, 2010 which was the day before. I informed Mr. Hu of the grave error, the extreme financial hardship my error had caused me and I immediately arranged to reschedule my flight to the mainland to attend the re-scheduled continued 341 hearing on September 1, 2010.

8. When I inquired what creditors where present at the missed continued July 27, 2010 hearing, Mr. Hu stated that the same creditors were present. Although it was an excusable error on my part for confusing the

hearing dates, the attending creditors had clearly concluded their questioning on June 14, 2010.

9. During each of the three 341 Hearing Meetings, I was harassed, by the attorneys representing interested parties, through their questioning process. I was threatened with "lock out" of my home if I left for California, and I was ridiculed by Ms. Eblin when she stated in the hall that "her wager on me was that I would not show."

10. I have made arrangements to be present at the Sep 1, 2010 341 continuance, in the slight possibility that the existing creditors may find new questions that they did not have on June 14, 2010.

11. I filed my Chapter 13 plan in good faith, allocated all of my income to the repayment of creditors and have disputes with the POC's filed by the existing creditors.

12. The Chapter 13 Plan I filed adequately protects the Creditors. However, there are claims for "secured" status and I have claims for offsets for Federal and State Violations which are in dispute.

13. I plan to bring a motion to employ special counsel to assist in the Adversary claims of the lenders and once that motion is granted, I will be able to secure an Attorney who is an expert in the areas of Predatory Lending, Bankruptcy Litigation, Fair Debt Collection Violations, Truth in Lending Violations, and Fraudulent Securitization Practices.

14. I have reviewed the POC filed by DBN and it does not demonstrate any legal standing to bring a claim. I plan on filing an Objection to their Proof of Claim before the September 16, 2010 Confirmation Hearing.

15. I have discovered that there are errors in the schedules that I filed to include a mistake on the secured and unsecured amounts. I am currently preparing an amended plan and schedules. I am pursuing legal consultation on correcting these errors.

I declare under the penalty of the perjury under the laws of the United States of the America that the foregoing statements are with the true and correct to the best of my knowledge and belief.

DATE: Aug 24, 2010

Respectfully Presented,

*Teresa J. Moore*
Teresa J. Moore
343 Hobron Lane, Apt # 4404
Honolulu, Hawaii 96815
Tel: (818) 206-1146
Fax: (818) 647-1186
Net: teresa_j_moore@yahoo.com

Teresa J. Moore
Post Office Box 75217
Honolulu, Hawaii 96836
Tel: (818) 206-1146
Fax: (818) 647-1186

*For the Debtor.*

In the
**United States Bankruptcy Court**
District of the Hawaii
1132 Bishop Street, Suite 250, Honolulu, Hawaii

| In re | ) | Bankruptcy Case: 10-00771 |
|---|---|---|
| | ) | Chapter 13 |
| **Teresa J. Moore** | ) | |
| | ) | |
| Debtor. | ) | MAIL SERVICE DECLARATION |
| | ) | |
| | ) | |
| | ) | |

## MAIL SERVICE DECLARATION

On the date: August 24, 2010, I completed the service of the documents: **REPLY TO DEUTSCHE BANK NATIONAL TRUST COMPANY'S MEMORANDUM IN RESPONSE TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS; DECLARATION OF TERESA JEAN MOORE** upon the parties: Service Address List by the delivery of the copies by the method: Check Box Mark from the location: Honolulu, Hawaii.

On the date: August 24, 2010, I completed the filing of the documents: REPLY TO DEUTSCHE BANK NATIONAL TRUST COMPANY'S MEMORANDUM IN RESPONSE TO MOTION TO DISMISS CASE FOR NON-APPEARANCE AT MEETING OF CREDITORS; DECLARATION OF TERESA JEAN MOORE with the Office: Clerk of the Court, U.S. Bankruptcy

Court, Hawaii District by the delivery of the originals by the method: <u>USPS NEXT DAY</u> to the location: 1132 Bishop Street, Suite 250, Honolulu, Hawaii.

I declare under the penalty of the perjury by the laws of the United States of the America that the foregoing statements are with the truth by the best of my knowledge.

DATE: 8/24/2010

Robert-Garvin: Moore,
Post Office Box 75217
Honolulu, Hawaii 96836
(818) 206-1146

# SERVICE ADDRESS LIST

| | |
|---|---|
| X USPS Mail<br>**Howard M. S. Hu**<br>Office of the U.S. Trustee<br>1132 Bishop Street, Suite 301<br>Honolulu, HI 96813 | X USPS Mail<br>**AOAO THE WINDSOR**<br>c/o John Morris, Esq.<br>1001 Bishop Street, Suite 780<br>Honolulu, HI 96813 |
| USPS Mail  Hand  Fax  eMail<br>**BANK OF HAWAII**<br>c/o Mark T. Shklov, Esq.<br>1001 Bishop Street, Suite 988<br>Honolulu, HI 96813 | X USPS Mail<br>**DEPT. of the ATTORNEY GENERAL**<br>TAX DIVISION, HAWAII<br>c/o Cynthia M. Johiro, Esq.<br>425 Queen Street<br>Honolulu, HI 96813 |
| X USPS Mail<br>**Contra Costa County Treasurer**<br>c/o Meredith Boeger<br>625 Court Street<br>Finance Building Rm 102<br>Martinez, CA 94553-1231 | X USPS Mail<br>**CARRINGTON MORTGAGE SERVICES, LLC**<br>c/o William Tanaka<br>1099 Alakea Street, Suite 1800<br>Honolulu, HI 96813 |
| X USPS Mail<br>**PNC BANK, NA**<br>c/o David Rosen, Esq.<br>810 Richards Street, Suite 880<br>Honolulu, HI 96813 | X USPS Mail<br>**DEUTSCHE BANK NATIONAL TRUST**<br>c/o Walter Davison, Esq.<br>1099 Alakea Street, Suite 1800<br>Honolulu, HI 96813 |
| X USPS Mail<br>**BAYVIEW LOAN SERVICES**<br>c/o Lester M, Leu<br>222 Merchant Street, Main Floor<br>Honolulu, HI 96813 | X USPS Mail |
| X USPS Mail | X USPS Mail |