UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>TERESA J. MOORE,<br><br>        Debtor. | Case No. 10-00771<br>Chapter 7 |

**MEMORANDUM OF DECISION ON**
**OBJECTION TO STATE TAX CLAIM**

      The debtor, Teresa J. Moore, objects (dkt. no. 105) to a proof of claim filed by the Department of Taxation, State of Hawaii ("DOT"). DOT filed a motion for summary judgment (dkt. no. 414), contending that there are no genuine issues of material fact and that Ms. Moore owes state taxes on at least $111,114.16 of income.

      1.    <u>Jurisdiction</u>. Ms. Moore argues that her appeal from an order denying her motion to dismiss this bankruptcy case divests this court of jurisdiction over her objection to the state's claim. This argument is wrong for two reasons.

      First, there is no longer any appeal. The Court of Appeals dismissed Ms. Moore's appeal because she failed to timely pay the required fees or file a motion to appeal in forma pauperis.

Second, an appeal from a bankruptcy court order only divests the bankruptcy court of jurisdiction over the subject matter of the appeal. In re Kyung Sook Kim, 433 B.R. 763, 776 (Bankr. D. Haw. 2010) ("The timely filing of a notice of appeal to either a district court or bankruptcy appellate panel will typically divest a bankruptcy court of jurisdiction over those aspects of the case involved in the appeal.") (citing In re Sherman, 491 F.3d 948, 967 (9th Cir. 2007)). The question of whether the debtor should be allowed to dismiss her case has nothing to do with whether she owes taxes to the state of Hawaii.

2. Standing. Contrary to Ms. Moore's argument, DOT undoubtedly has standing to assert claims for taxes due to the state of Hawaii. See Haw. Rev. Stat. § 237-8 ("The administration of [the general excise tax law] is vested in and shall be exercised by [DOT] . . . . The enforcement of this chapter in any of the courts of the State is under the exclusive jurisdiction of [DOT] . . . ."); Haw. Rev. Stat. § 231-3. Ms. Moore mischaracterizes her contentions about whether she owes any state tax as arguments about DOT's standing.

3. Burden of Proof. Ms. Moore argues that "the burden of proof is a material fact in the [sic] dispute." This is wrong; the allocation of the burden of proof is a pure question of law.

4. Proof of Claim for Unknown Amount. Ms. Moore argues that

U.S. Bankruptcy Court - Hawaii   #10-00771   Dkt # 461   Filed 01/27/12   Page 2 of 8

DOT's proof of claim is a "non-claim" because it states that the amount of the claim is unknown. Ms. Moore offers no authority for this proposition. DOT filed a claim in an unknown amount because the deadline to file claims was approaching and Ms. Moore had neither filed any tax returns or provided information from which DOT could calculate its claim. DOT has now conducted discovery and quantified its claim. Ms. Moore is not entitled to invalidate DOT's claim based on her own failure to provide the data needed to ascertain the amount of the claim.

5. <u>Applicability of General Excise Tax</u>. Ms. Moore argues that none of her income is subject to the Hawaii general excise tax because she had no profit motive.

The general excise tax is a privilege tax "against persons on account of their business and other activities within the State . . . ." Haw. Rev. Stat. § 237-13. "In enacting [the general excise tax law], the legislature cast a wide and tight net." <u>In re Island Holidays, Ltd.</u>, 59 Haw. 307, 316, 582 P.2d 703, 708 (1978). The statute "subjects to the general excise tax virtually every economic activity imaginable." <u>Pratt v. Kondo</u>, 53 Haw. 435, 436, 496 P.2d 1, 2 (1972).

The general excise tax applies to the taxpayer's "gross income" from "business." Haw. Rev. Stat. § 237-13. "'Business' as used in [the general excise

U.S. Bankruptcy Court - Hawaii   #10-00771   Dkt # 461   Filed 01/27/12   Page 3 of 8

tax law] includes all activities (personal, professional, or corporate), engaged in or caused to be engaged in with the object of gain or economic benefit either direct or indirect, but does not include casual sales." Haw. Rev. Stat. § 237-2.

"Profit motive" is not relevant to general excise tax. Renting property, even at below-market rents, is "business" activity for purposes of the general excise tax.

Ms. Moore's argument is based entirely on cases interpreting the federal net income tax. Those decisions have nothing to do with the state general excise tax.

6.  <u>Applicability of Hawaii Net Income Tax</u>. Citing federal cases, Ms. Moore argues that she lacked a profit motive when renting the properties (alleging that she rented them at below-market rates) and that she is therefore not subject to Hawaii's net income tax. DOT argues only that federal cases are not applicable to the state income tax law.

DOT is mistaken. Hawaii's net income law is meant "to conform . . . as closely as may be with the Internal Revenue Code . . . ." Haw. Rev. Stat. § 235-3. Therefore, decisions interpreting the federal net income tax are directly applicable to the Hawaii net income tax law.

4

DOT has not offered any evidence to refute Ms. Moore's contention that she lacked a profit motive and has not offered any authority to contradict Ms. Moore's argument and citations that the net income tax only applies if the taxpayer had a profit motive.

7. <u>Admissibility of Evidence</u>. Ms. Moore's evidentiary objections lack merit.

Paragraphs 7 and 8 of Ms. Johiro's declaration and the exhibits referred to in those paragraphs are admissible. Paragraph 7 states that the state obtained certain bank records through discovery. Ms. Johiro, one of DOT's attorneys, has personal knowledge of those facts, and the records themselves come from the bank that maintained them. Paragraph 8 authenticates a summary of other exhibits. A summary of voluminous records is admissible, Fed. R. Evid. 1006, and the person who prepared or supervised the preparation of the summary can lay the requisite foundation.

8. <u>Whose Income Is It?</u> DOT contends that Ms. Moore owes Hawaii state tax on all of the money deposited into an account in her name at a Hawaii bank because all of the funds represent rental proceeds from Hawaii properties. In response, Ms. Moore claims that she was merely collecting the rental income on behalf of her parents, who held title to the properties, and that any income is

5

taxable to her parents rather than her.

Ms. Moore's argument fails insofar as the general excise tax is concerned. Even accepting Ms. Moore's contention that she was receiving the rental proceeds in order to help her parents manage the property, she still must pay general excise tax on those receipts. The general excise tax applies to all persons engaged in business activities, even those acting in a fiduciary capacity for others. <u>In re Grayco Land Escrow, Ltd.</u>, 57 Haw. 436, 455, 559 P.2d 264, 276 (1977); <u>Hawaiian Trust Co. v. Borthwick</u>, 34 Haw. 493, 1938 WL 6800, at *2 (1938).

The situation may be different insofar as the net income tax is concerned. DOT has not cited, and I have not found, any authority for the proposition that a fiduciary is responsible for net income tax on the fiduciary's income received in that capacity.

DOT relies entirely on the fact that the rental proceeds were deposited in Ms. Moore's account, arguing that funds deposited in a taxpayer's account are presumptively taxable income. (Ironically, DOT cites federal income tax cases for this proposition, the same body of law which DOT argues elsewhere is irrelevant to state tax questions.) Ms. Moore has attempted to rebut that presumption, however, by stating in her declaration that she received those deposits solely for the benefit of her parents.

6

Ms. Moore's testimony is implausible, at least in some respects. The bank statements show disbursements (apparently by debit card) that probably had nothing to do with the management of the Hawaii properties and which were not likely incurred by Ms. Moore's elderly parents. These expenditures include numerous restaurant meals and grocery purchases in Hawaii and California, airline tickets, purchases at bookstores, auto parts stores, online shopping sites, jewelry stores, clothing stores, gas stations, and Fredericks of Hollywood [a well-known lingerie store], cell phone and internet services, movie tickets, charges for access to the court's PACER system and for court telephone conference services, and the like.

It is entirely possible that Ms. Moore had complete control over the money in the account, and that she could and did use the funds for her personal purposes. The record does not exclude the possibility, however, that at least some of these charges were for Ms. Moore's parents or for the maintenance of the property. Summary judgment on this issue should therefore be denied.

For these reasons, I will grant the motion in part and deny the motion in part as follows:

1. Partial summary judgment will enter in favor of DOT on the claim for general excise tax in the amount of $5,799.98.

7

2. Partial summary judgment will enter in favor of DOT determining that the court has jurisdiction to decide the objection to claim and that DOT has standing to maintain claims based on taxes allegedly owed to the state of Hawaii.

3. Summary judgment will be denied in all other respects.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 01/27/2012